## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| MARVIN CLEARY, | ) | |
|      ID # 1692182, | ) | |
|         Petitioner, | ) | |
| vs. | ) | No. 3:17-CV-722-L (BH) |
| | ) | |
| LORIE DAVIS,  Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
|         Respondent. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation.  Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** as barred by the statute of limitations.

## I.  BACKGROUND

Marvin Cleary (Petitioner) challenges his conviction for capital murder.  The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

### A.    Procedural History

On June 3, 2010, the State of Texas indicted Petitioner for capital murder in Cause No. F10-00635.  (Doc. 17-1 at 5.) [1]  He pleaded not guilty and was tried before a jury in the 283rd Judicial District Court of Dallas County, Texas; the jury convicted him on November 18, 2010, and he was sentenced to life imprisonment.  (*Id*. at 34.)  The judgment was affirmed on appeal.  *See Cleary v. State*, No. 05-11-00040-CR, 2012 WL 987762 (Tex. App. – Dallas March 26, 2012).  His petition for discretionary review was refused.  *Cleary v. State*, PD-456-12 (Tex. Crim. App. May 16, 2012).

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

He did not file a petition for writ of certiorari. The appellate mandate issued on November 29, 2012. (Doc. 17-6.)

Petitioner's first state habeas application challenging this conviction was signed on July 5, 2012, and received by the state court on July 16, 2012, before the appellate mandate issued. (Doc. 17-17 at 6, 17.) On September 12, 2012, it was dismissed because the appellate mandate had not yet issued, and the conviction was not final when the habeas application was filed. (*Id.* at 2); *see Ex parte Cleary*, WR-53,913-02 (Tex. Crim. App. Sept. 12, 2012). He filed an application for writ of habeas corpus in the Court of Criminal Appeals that was signed on October 26, 2016, and received by the court on November 4, 2016. (Doc. 17-20 at 1, 11.) Leave to file was denied on November 23, 2016. (Doc. 17-18); *Ex parte Cleary*, WR-53,913-03 (Tex. Crim. App. Nov. 23, 2016). He filed another state habeas application that was signed on December 9, 2016, and received by the court on December 19, 2016. (Doc. 17-23 at 5, 21.) It was denied without written order on February 22, 2017. (Doc. 17-21); *see Ex parte Cleary*, WR-53,913-04 (Tex. Crim. App. Feb. 22, 2017).

## B.    Substantive Claims

Petitioner's federal petition raises the following grounds:

(1)    The judgment was void because the state court lacked jurisdiction;

(2)    He was subjected to double jeopardy.

(*See* doc. 3 at 6-7.) Respondent contends that the petition is barred by the statute of limitations. (*See* doc. 15.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.

L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

**A.    Calculation of One-Year Period**

The one-year period is calculated from the latest of either:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

Here, the factual predicate for Petitioner's claims either became known or could have become known prior to the date his judgment became final. The petition for discretionary review was refused on May 16, 2012. Because Petitioner did not file a petitioner for writ of certiorari with the United States Supreme Court, his conviction became final on August 14, 2012, when the ninety-day period for filing a petition for writ of certiorari expired. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998) (citing *Caspari v. Bohlen*, 510 U.S. 383, 389 (1994)). Accordingly, he had until

August 14, 2013, to file his federal habeas petition absent any tolling of the statute of limitations.

**B.**    **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added).  Petitioner's first state habeas application was not properly filed and did not toll the limitations period because it was filed before the appellate mandate was issued.  *See Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir. 2004).  His later state habeas applications were filed after the limitations period had already expired, so they did not toll the limitations period.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (an application filed in state court after the limitations period has expired does not operate to statutorily toll the limitations period).  Petitioner filed his § 2254 petition on March 8, 2017, the date that it was mailed.[2]  His petition was filed after the limitations period expired and is therefore untimely.

**C.**    **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled.  *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling).  "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable."  *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)).  It "applies principally where [one party] is actively misled by the [other party]

---

[2]  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Petitioner asserts that the limitations period does not apply because the judgment was void. (Doc. 3 at 9.) There is no void-judgment exception to the statute of limitations. *See Bashroba v. Stephens*, No. 3:14-CV-43-N, 2014 WL 4805964 at *3 (N.D. Tex. Sept. 2, 2014), *rec. accepted*, 2014 WL 4815787 (N.D. Tex. Sept. 29, 2014).

Petitioner also contends that he is entitled to equitable tolling because he is innocent. In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928-31 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that, in light of the new evidence, it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new

evidence.  *Id*. at 1928, 1935.  The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered.  *Id*. at 1935-36.

To the extent that Petitioner's claim of insufficient evidence that he committed the robbery can be construed as an actual innocence claim, his factual assertions are based on evidence that was available when he pled guilty, not new evidence.  He has not presented a claim of actual innocence sufficient to overcome the limitations bar, and he is not entitled to equitable tolling.

### III.  RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 20th day of November, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6